ALICE B. BOWDEN *vs.* WILLIAM T. IDE *et al.*

JUNE 15, 1932.

PRESENT: Stearns, C.J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. The general purpose of this bill in equity is to reform, either directly or indirectly, one deed and two if found necessary. The prayer is that the respondents be decreed to hold certain real estate in trust for the complainant and ordered to convey the same to her. After hearing on bill, answer and proof, the trial justice entered a decree dismissing the bill, and the cause is here on complainant's

appeal from said decree on the grounds that it is against the law and the weight of the evidence.

The complainant and respondent William T. Ide, who will hereinafter be referred to as the respondent, owned several tracts of land, including the land in question, as tenants in common. All of said tracts were owned at the time of his decease by the late John P. Barney and were inherited from him by his two daughters, the complainant and the deceased wife of respondent Ide. By agreement, the parties appointed arbitrators to make partition of all said tracts of land. The arbitrators by their report allotted certain tracts to the complainant and certain other tracts to the respondent. The award was invalid by reason of the fact that the allotment to the respondent was on condition that he convey the land allotted to him to his son. The parties refused to carry out the award, and the complainant brought a bill for partition. Thereafter the parties entered into a written agreement to settle the partition suit, and a decree based on said agreement was entered. The material portions of said agreement were as follows: "That the property described in bill and answer (Equity No. 5015) be divided between the parties to this suit along the lines set forth by the arbitrators, heretofore appointed, in their report, except that the part allotted to William T. Ide in said report be allotted to Alice B. Bowden and the part allotted to Alice B. Bowden be allotted to William T. Ide."

To complete the partition in accordance with said decree the parties exchanged quitclaim deeds. One of the tracts quitclaimed to the complainant was a farm of 86 acres in the town of East Providence. The description in said deed bounded the farm on one side by the line separating the State of Rhode Island from the Commonwealth of Massachusetts.

It appears that the parties owned a tract of land—the tract in question—of about 14 acres, adjoining said farm but situated in the town of Seekonk in said Commonwealth. The respondent claims that complainant by her deed re-

leased to him her interest in the tract in question. The description in said deed, after describing certain lots by plat numbers, concludes as follows: "Also those 4 certain wood lots situated in the town of Seekonk, county and state aforesaid, including 5 acres of land in the west lot, 6 acres of land in the Carpenter lot, 9 acres of land in the Luther lot and 4 acres of land in the Miller lot, so-called, or however otherwise described, being all the property in Seekonk, Massachusetts, belonging to the estate of John P. Barney late of East Providence, Rhode Island, deceased."

Nearly two years after the parties exchanged deeds, and after the respondent had conveyed several parcels described in the deed to him, the complainant brought this bill alleging that, by reason of mistake in the deed to her from said respondent, a description of the land in question was omitted from said deed.

The complainant contends: first, that the omission was due to mutual mistake of the parties; second, that if the respondent had knowledge of the omission his concealment of this fact, and the fact that the land in question was in Massachusetts, amounted to fraud, from the consequences of which equity will grant relief, and that the court should establish a constructive trust in her favor.

The respondent contends that there was no mistake and that it was the intention of the parties that he, and not the complainant, would obtain complete title to the land in question. Furthermore, the respondent sets up the Statute of Frauds as a bar to receiving oral testimony in proof of a mistake in a deed. The complainant received the benefit of such evidence and therefore in view of our determination it will be unnecessary to consider the question involving the Statute. However, see *Macomber* v. *Peckham,* 16 R. I. 485; *Pyper* v. *Whitman,* 32 R. I. 510; *Ham* v. *Massasoit Real Est. Co.,* 42 R. I. 293.

The trial justice found that the complainant had failed to establish either of her contentions. He was of the opinion that the complainant understood the agreement to be

that the respondent's interest in the land in question would be conveyed to her. He found, however, that the mistake was not mutual. See 9 C. J. 1166-1168; *Diman* v. *Providence &c. R. R. Co.*, 5 R. I. 130. On this finding there appears to be a mistake of fact as to the identity of the subject matter of the. contract but, as the complainant took no action until the respondent had sold and conveyed several parcels of the land released to him pursuant to the agreement, it was impossible to place the parties *in statu quo*.

We have no hesitation in approving the finding that no mutual mistake existed in the minds of the parties; and we think that the finding that no fraud had been established is supported by the evidence. It is clear that the respondent knew the land was in Massachusetts and, in spite of the complainant's testimony to the contrary, it is hardly conceivable that she did not know that this land which she considered part of her father's farm, on or near which she had lived for most of her life, was in Massachusetts and not in her native state. After her father's decease, she and her sister conveyed a right of way across this tract. We cannot find that the evidence clearly shows the respondent to be unjustified in a belief that complainant intended to release to him her interest in all land which was situated in Seekonk and owned by her father at the time of his decease.

As our determination would not be binding upon the Massachusetts courts we express no opinion upon the legal question whether the description in the complainant's deed to the respondent was sufficient to release to the latter her interest in the land in question.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

HAHN, J., dissenting. It is unnecessary to discuss in detail the evidence in this case as it is sufficiently set forth in the majority opinion.

By agreement entered into between complainant and respondent, *all* the land of the late John P. Barney was to be divided between the parties. Arbitrators were appointed for this purpose and, after inspecting said land, they awarded certain parcels thereof to the complainant and the remaining property, the farm of said Barney, to the respondent. Before drawing of deeds, however, the parties agreed to reverse these first awards so that the lands awarded to each by the arbitrators were exchanged thereby giving said farm to the complainant.

A certain portion of this farm, 14 acres largely consisting of gravel-land, lies over the boundary line in the Commonwealth of Massachusetts although, so far as appears, it is untaxed by that state and was considered of little value. The complainant testified that she supposed she was allotted that tract when awarded said "farm"; and there is nothing in the record which shows that she had any information to the contrary. The respondent was the only party interested who knew that the land in dispute was in Massachusetts and for that reason was not described in the deed of the farm to the complainant.

In my opinion there is no description in the deeds of those parcels of land allotted to the respondent which can by any construction be made to refer to the 14 acres in dispute. It was when the gravel on this comparatively small tract became saleable that rights in the same became valuable and respondent claimed an interest therein on the ground that this land was not described in the deed to the complainant.

It seems to me to be a clear case of mutual mistake. The arbitrators were directed to apportion *all* the land of the estate. In making such allotment it would have been unreasonable to separate from the farm property so small and at that time practically valueless a portion physically attached to and naturally a part of the same. But it appears that they did not so divide the farm but by mistake failed to allot to either of the parties the 14 acres in dispute, although they intended so to do, since their instructions were to allot the

entire property. Since the parties accepted their award at the time, beyond a doubt it was, regardless of failure to include the 14 acres, a mutual mistake. Therefore the relief prayed for should be granted and the decree appealed from should be reversed.

*Greenough, Lyman & Cross, Harvey S. Reynolds,* for complainant.

*John P. Beagan,* for respondents.